UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DANN GRILLO,** | ) | |
| | ) | |
| Plaintiff, | ) | **FIRST AMENDED** |
| | ) | **COMPLAINT** |
| -against- | ) | |
| | ) | |
| **METROPOLITAN WATER RECLAMATION** | ) | Judge Shah |
| **DISTRICT OF GREATER CHICAGO,** | ) | Mag. Judge Schenkier |
| **JAMES McNAMARA, in his individual capacity,** | ) | |
| **and JIM DOUGLAS, in his individual capacity,** | ) | 18-C-5607 |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |
| | ) | |

Plaintiff Dann Grillo, by his attorney, David Porter, Esq., complaining of Defendants Metropolitan Water Reclamation District of Greater Chicago ("the "District"), James McNamara, and Jim Douglas, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking monetary damages and affirmative relief based upon the following:

   a. Defendant District's violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. (the "ADA"), as amended by the ADA Amendments Act of 2008 (the "ADA-AA"), for the District having discriminated against and harassed Plaintiff in connection with the terms and conditions of Plaintiff's employment, due to his disabilities, his record of impairments, and his having been regarded as having impairments;

   b. Defendant District's violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. (the "ADA"), as amended by the ADA Amendments Act of 2008 (the "ADA-AA"), for the District having retaliated against Plaintiff in connection with the terms and conditions of Plaintiff's employment, for his having asserted his rights under the ADA;

   c. Defendant District's violation of the ADA, for the District's failure and refusal to afford Plaintiff reasonable accommodation;

1

      d. Defendant District's violation of the Age Discrimination in Employment Act, 29 U.S.C. Section 621 et seq., for the District's discrimination against Plaintiff due to Plaintiff's age in connection with Plaintiff's 28-year employment; and

      e. Defendants District, McNamara and Douglas having violated 42 U.S.C. § 1983 by their having caused Plaintiff to be deprived of his federal rights (to wit: that Plaintiff was subjected to discrimination, harassment, retaliation, and the failure and refusal to afford him reasonable accommodation, in violation of the ADA, the ADEA, and the First and Fourteenth Amendments).

2. Defendants' actions reflect a systematic policy and practice of discrimination and retaliation, and constitute a continuing violation.

3. Jurisdiction of this Court over this controversy is invoked under 28 U.S.C. Section 1331 (federal question) and 28 U.S.C. Sections 1343 (3) and (4) (civil rights).

4. Venue is proper pursuant to 28 U.S.C. Section 1391.

5. All conditions precedent to commencing this action have been satisfied in that: a. Plaintiff has filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 22, 2017 (440-2017-05233); b. the U.S. Department of Justice has issued a Right-to-Sue Letter dated May 23, 2018; and c. Plaintiff brings this action no later than within ninety (90) days of his receipt of the aforesaid Right-to-Sue Letter.

## PARTIES

6. Plaintiff, at all times hereinafter mentioned was and still is a resident and domiciliary of the County of Cook, State of Illinois, specifically residing at 1708 N. Clarence Avenue, Arlington Heights, Illinois 60004. At all times relevant Plaintiff was a "qualified employee" as defined by 42 U.S.C. §12111(8) of the ADA.

7. Defendant District is a special purpose district, chartered to operate in Illinois, and is engaged in an industry affecting commerce. The District is not a part of the City of Chicago's local government, but is an independent agency of Illinois government, with an elected Board of Commissioners. The District has employed twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year. The District is an "employer" as required by the ADA and the ADEA. The District's principal place of business is located in the County of Cook, State of Illinois, at 100 East Erie Street, Chicago, Illinois 60611.

8. Defendant James McNamara, at all times relevant herein was a resident and domiciliary of the County of Cook, State of Illinois, and was and is employed by the District in the title of Master Mechanic. Defendant McNamara is sued in his individual capacity.

9. Defendant Jim Douglas, at all times relevant herein was a resident and domiciliary of the County of Cook, State of Illinois, and was and is employed by the District in the title of Assistant Master Mechanic. Defendant Douglas is sued in his individual capacity.

10. Defendant District has employed Defendants McNamara and Douglas at all times material hereto. Defendant District is responsible for the acts of Defendants McNamara and Douglas, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of ADA discrimination, ADA retaliation, ADEA discrimination, and of violating individual rights of equal protection and free speech under the First and Fourteenth Amendments to the Constitution of the United States.

11. Defendants McNamara and Douglas are responsible for the acts of the employees of the District, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of ADA discrimination, ADA retaliation, ADEA discrimination, and of violating individual rights of equal protection and free speech under the First and Fourteenth Amendments to the Constitution of the United States.

12. All Defendants have acted under of color of the statutes, ordinances, customs, policies and usages of the State of Illinois at all material times hereto.

## BACKGROUND

13. Plaintiff is 62 years old (d.o.b. 8/19/55). Plaintiff was employed by Defendant District for 28 years, commencing on or about January 3, 1990 through to April 30, 2018 (when Plaintiff ultimately retired). At all times relevant herein Plaintiff's job title is Truck Driver.

14. On several occasions during Plaintiff's employment Plaintiff suffered on-the-job injuries (including but not limited to injuries to both of his knees, both of his shoulders, his right hip, and his lower back), with Plaintiff thereby resultantly having several serious health conditions and long records of impairments that limited at least one major life activity (working), and that constitute disabilities under the Americans with Disabilities Act.

15. These aforesaid health conditions led to Plaintiff making requests for reasonable accommodation during his employment - which requests the District repeatedly and unreasonably delayed responding to, as well as refused - to Plaintiff's great detriment.

16. The Defendants also repeatedly held Plaintiff's requests for reasonable accommodation, as well as his health conditions/ disabilities, against Plaintiff - also to Plaintiff's great detriment.

17. On a repeated basis throughout Plaintiff's employment Plaintiff also filed and made internal complaints as well as external complaints (EEOC and Federal Court) of Defendant District's ADA discrimination and failure to afford Plaintiff reasonable accommodation. The Defendants likewise retaliated against Plaintiff for these complaints.

18. The District (including also Defendants McNamara and Douglas) at all times relevant hereto had been made well-aware of Plaintiff's medical conditions/ disabilities, his

4

record of impairment, and regarded him as having impairments, and that Plaintiff was a qualified individual with disabilities as that is defined within the ADA-AA, as well as having been aware of Plaintiff's requests for reasonable accommodation, and aware of Plaintiff having asserted his rights under the ADA-AA.

19. On a repeated basis the Defendants subjected Plaintiff to: a) physically and emotionally painful, extremely offensive, and abusive long-term harassment and intimidation; b) a hostile work environment; c) the failure and refusal to afford him reasonable accommodation; and d) discrimination and retaliation in Plaintiff's employment.

20. Plaintiff was a good long-term employee of the District, and took pride in his work.

21. Notwithstanding Plaintiff's good long-term employment, the District (primarily by and through James McNamara, and Jim Douglas) repeatedly treated Plaintiff in a hostile and adverse manner in connection with his health conditions and otherwise. Some examples of this (for the period 2015 to the end of his employment - although it also was repeatedly occurring before that time) include, but are not limited to, the following:

   a. Repeatedly disregarded the District's own rules, and treated Plaintiff in a disparate manner as compared to other employees with regard to those rules. This also included the District erratically enforcing its personnel rules and its safety rules more strictly toward Plaintiff than other employees;

   b. Changing Plaintiff's timesheets without Plaintiff's knowledge or consent;

   c. Requiring Plaintiff (and only Plaintiff) to wear a hard-hat in the office;

   d. Speaking to Plaintiff in a hostile and accusatory tone;

   e. Unduly long delays in reimbursing Plaintiff for costs/ expenses;

   f. Unduly long delays in responding to Plaintiff's requests for reasonable accommodation and requests to return to active employment;

   g. Curiously claiming to have lost/ shredded/ not received documents that Plaintiff and Plaintiff's doctors sent to the District;

5

h. Sending Plaintiff back-dated (and long delayed) unwarranted denials of requests to have needed surgeries, as well as back-dating the cancellation of Plaintiff's medical coverage to the exact date of his last surgical procedure;

i. Failure and refusal to have trucks repaired, and continuing to send Plaintiff out in those unsafe trucks;

j. Unwarrantedly contesting Plaintiff workers compensation claims;

k. Refusing Plaintiff's requests to return to work, as well as Plaintiff's requests (and that of Plaintiff's doctor) for Plaintiff to work on light duty;

l. Refusing Plaintiff's requests to return to work under the District's own Return-To-Work Program (for which Plaintiff was qualified). In this regard, the District claimed (incorrectly and illegally) that Plaintiff's injury was not an on-the-job injury - which was not the case - and that therefore Plaintiff allegedly was not eligible for that Program (which also was an illegal distinction, and was a failure to afford Plaintiff reasonable accommodation), with such denial also having served to diminish Plaintiff's total service credit, and pension credit time;

m. By and through the District's refusing Plaintiff's reasonable requests to return to work, the District used this as a claimed justification to instead require Plaintiff to use up Plaintiff's accrued banked time, and when this banked time was exhausted unwarrantedly marked Plaintiff as Absent Without Leave (AWOL) in part to discontinue Plaintiff's paid benefits. These AWOL codes also put Plaintiff's employment at risk - to Plaintiff's great distress - and ultimately could have led to Plaintiff's termination;

n. Unwarrantedly delayed returning Plaintiff to active duty;

o. Unreasonably required Plaintiff to travel 90 miles roundtrip for a return-to-work physical. Then there was an unusual 3-week delay in receiving the findings of that physical (thereby further delaying Plaintiff's return to work and interfering with Plaintiff getting full pension credit for 2017);

p. Unwarrantedly refused to include pension credits for Plaintiff for 2017 in a settlement offer for Plaintiff's workers' compensation claims;

q. Repeatedly required Plaintiff to work through break and lunch, and refused to pay Plaintiff for this time. Not only was this break time not paid, but McNamara used Plaintiff's banked time in its place  McNamara also refused to pay Plaintiff (and only the Plaintiff) for an early plant closure, when all other Drivers at the District were paid for this work;  and

      r.  Ordering Plaintiff to perform work outside of Plaintiff's job description following an unwarranted and manufactured dispute initiated by the District's management about Plaintiff's use of Plaintiff's discretionary time.

This has been provided in greater factual detail, and in chronological order, within Plaintiff's (partial) "Chronology of Adverse, Disparate, and Hostile Treatment", which is attached hereto at Attachment "A" (and which was attached to Plaintiff's EEOC Charge as Attachment "A") and within Plaintiff's "Further Chronology", which is attached hereto at Attachment "B" (which involved events from the period 9/22/17 through to the month of Plaintiff's retirement from the District in April, 2018).

22.  By contrast to how Plaintiff was treated (described in paragraph 21(a-r) above and in Attachments "A" and "B" annexed hereto, which attachments are also made a part of this Federal Complaint), similarly situated employees who did not have disabilities and/or were younger and/or have not made protected complaints were not treated in such a hostile and adverse manner as compared to how Plaintiff was treated.

23.  The ADA-AA applies to this claim because the adverse conduct by the District against Plaintiff complained of herein took place after 2008. Moreover, under that law the disabilities must be assessed in their active state, not in remission, and without regard to mitigating measures such as medical treatments and medicines.

24.  The ADA-AA protects employees from discrimination based on their disabilities, their record of impairment, and their being regarded as having an impairment. A major part of the purpose of the ADA-AA is to prevent employers from taking adverse actions based on unfound stereotypes and assumptions about individuals with disabilities.

25.  As a result of the foregoing failure and refusal to afford Plaintiff reasonable accommodations as well as the District's repeated harassment/ discrimination/ retaliation against

Plaintiff, Plaintiff was caused much stress and distress, which correspondingly further exacerbated Plaintiff's health conditions.

26. In contrast to how the District treated Plaintiff, there were numerous employees (who did not have disabilities, nor a record of such impairment, nor were regarded as having an impairment, nor made claims of discrimination) who engaged in similar and worse conduct than Plaintiff, but who the District did not treat in the hostile or adverse manner that Plaintiff was treated.

27. The conduct of Defendant District towards Plaintiff was intended to and did constitute discrimination, retaliation, and a hostile work environment. To have treated such a hardworking and productive 28-year long-term employee in such an adverse and hostile manner sends a terrible message as to the type of employer that the District is in the Chicago area.

28. Based on the foregoing, and more, Plaintiff charges Defendant Metropolitan Water Reclamation District of Greater Chicago with failure to afford Plaintiff reasonable accommodations for Plaintiff's disabilities, and with unlawful discriminatory practices, relating to Plaintiff's employment and the terms and conditions of Plaintiff's employment, because of Plaintiff's age and disability (actual, record of, and regarded as having an impairment), and in retaliation for Plaintiff's protected (internal and external) complaints, and Plaintiff having asserted his rights under the ADA and otherwise.

**AS AND FOR A FIRST CAUSE OF ACTION**

(Plaintiff v. Defendant District)
(ADA-AA - Discrimination)

29. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

30. Plaintiff had and has disabilities as defined by the ADA-AA, to wit, inter alia: including but not limited to injuries to both of his knees, both of his shoulders, his right hip, and his lower back, which caused him to need to undergo repeated surgeries and rehabilitation and on repeated occasions caused him to miss substantial time - months and sometimes years - from work.

31. Plaintiff has had a long record of impairment that has limited at least one of Plaintiff's major life activities (working).

32. Plaintiff's history of such health conditions, and more, constitutes a "record of disability" as defined by the ADA-AA.

33. The Defendants "regarded" Plaintiff as having a disability.

34. Defendant District (primarily by and through Defendants McNamara and Douglas) has intentionally subjected Plaintiff to unequal and discriminatory treatment, and discriminated against Plaintiff, based upon his disabilities, in the terms and conditions of his employment in connection with the District: having unduly long delays in responding to Plaintiff's requests for reasonable accommodation and requests to return to active employment; sending Plaintiff back-dated (and long delayed) unwarranted denials of requests to have needed surgeries, as well as back-dating the cancellation of Plaintiff's medical coverage to the exact date of his last surgical procedure; having failed and refused to have trucks repaired, and having continued to send Plaintiff out in those unsafe trucks; refusing Plaintiff's requests to return to work, as well as

9

Plaintiff's requests (and that of Plaintiff's doctor) for Plaintiff to work on light duty; refusing Plaintiff's requests to return to work under the District's own Return-To-Work Program, and instead improperly and abusively requiring Plaintiff to use up his accrued banked time and then coding him AWOL; having repeatedly disregarded its own written rules, and treated Plaintiff in a disparate and adverse manner as compared to similarly situated other employees who did not have disabilities with regard to those rules (this also included it erratically enforcing its personnel rules and its safety rules more strictly toward Plaintiff than other employees) toward attempting (and succeeding) to cause Plaintiff physical pain, emotional distress, and monetary damages, and to ultimately cause the end of Plaintiff's employment (through either resignation, retirement, or termination); making Plaintiff's work conditions more difficult than that of similarly situated employees who did not similarly have a disability; blaming Plaintiff for things that were not Plaintiff's fault and for the failure of others, while not blaming similarly situated employees who did not similarly have a disability or similarly holding them accountable for their failures; exaggerating and distorting incidents and non-incidents to use against Plaintiff; writing false and extremely misleading documents; having repeatedly spoken to Plaintiff in a hostile and accusatory tone, and otherwise being hostile towards Plaintiff; and additional items mentioned in paragraphs 21(a-r) and in Attachments "A" and "B" herewith; and more); all in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq., as amended by the ADA Amendments Act of 2008.

35. By reason of Defendant District's discrimination against Plaintiff, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain and mental anguish, all to his damage.

## AS AND FOR A SECOND CAUSE OF ACTION

(Plaintiff v. Defendant District)
(ADA-AA - Harassment)

36. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

37. Defendant District (primarily by and through Defendants McNamara and Douglas) has intentionally harassed Plaintiff due to his having disabilities, his record of impairments, and his being regarded as having impairments, in the terms and conditions of his employment, and otherwise, all in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq., as amended by the ADA Amendments Act of 2008.

38. By reason of Defendant District's harassment of Plaintiff, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain and mental anguish, all to his damage.

## AS AND FOR A THIRD CAUSE OF ACTION

(Plaintiff v. Defendant District)
(ADA-AA - Defendant's failure and refusal to
afford Plaintiff reasonable accommodation)

39. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

40. Plaintiff, at all times relevant herein, was a qualified individual with a disability, as that term is defined and intended by the ADA. Plaintiff had and has physical impairments that substantially limit one or more of his major life activities. Moreover, he has a record of such physical impairment, and during his employment was regarded as having such impairment.

41. By the above-described acts, and others, upon information and belief Defendant District repeatedly failed and refused to afford Plaintiff reasonable accommodation, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., as amended by the ADA Amendments Act of 2008.

42. By reason of Defendant District's failure and refusal to afford Plaintiff reasonable accommodation, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain and mental anguish, all to his damage.

## AS AND FOR A FOURTH CAUSE OF ACTION

(Plaintiff v. Defendant District)
(ADA-AA - Retaliation)

43. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

44. Defendant District has intentionally retaliated against Plaintiff in the terms and conditions of his employment, and otherwise, due to his protected internal and external complaints under the ADA, and his having asserted his rights under the ADA, all in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq., as amended by the ADA Amendments Act of 2008.

45. By reason of Defendant District's retaliation against Plaintiff, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain and mental anguish, all to his damage.

## **AS AND FOR A FIFTH CAUSE OF ACTION**

(Plaintiff v. Defendant District)
(ADEA   -   age discrimination)

46.  Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

47.  Defendant District has intentionally discriminated against Plaintiff based upon his age, in the terms and conditions of his employment, and otherwise, in connection with the District's refusal of Plaintiff's requests (and that of his doctor) to return Plaintiff to work under the District's return-to-work program/ light duty accommodation  -  particularly where (as here) two younger employees with similar injuries were accommodated by the District  -  all in violation of the Age Discrimination in Employment Act, 29 U.S.C. Section 621 et seq.

48.  By reason of Defendant District's discrimination against Plaintiff he has suffered a loss of earnings and benefits, to his detriment.

**AS AND FOR A SIXTH CAUSE OF ACTION**

(Plaintiff v. all Defendants)
(42 U.S.C. § 1983 Violation of Equal Protection)

50. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

51. Plaintiff, an individual with disabilities, had and has a constitutional equal protection right under the Fourteenth Amendment of the United States Constitution to be treated the same as employees who do not have disabilities, in connection with being afforded protections by Defendant from discrimination, harassment, and retaliation for asserting his rights under the ADA.

52. Defendants McNamara and Douglas, and Defendant District (acting primarily through McNamara and Douglas), at all times relevant hereto had personal knowledge that Plaintiff was a qualified individual with disabilities under the ADA, and that Plaintiff had asserted his rights under the ADA.

53. In contrast to what Defendant District may claim to be its written policy concerning protecting employees with disabilities from discrimination, harassment, and retaliation, Defendant's actual policy and practice where an employee is subjected to discrimination, harassment, and retaliation for asserting his rights under the ADA, is that the District does not promptly investigate the situation, it does not promptly discipline the offending employees, and it does not promptly act to protect the victim who has a disability, but rather the District's true policy and practice is to permit high-level employees to repeatedly engage in such discrimination, harassment, and retaliation continuing over a long period of time, and do so without negative consequence to the offending employees, but instead with it being to the great detriment of the said victims (including also Plaintiff).

54. Defendants McNamara and Douglas, and Defendant District (acting primarily through McNamara and Douglas), at all times relevant hereto - by the above-described conduct and more - acted under color of state law, and pursuant to unwritten policy and custom devised and/or tolerated by the District, to deprive Plaintiff of his constitutionally protected equal protection rights in connection with the Defendants' aforesaid actions (and more) against Plaintiff, and Defendants' long-term failure to act and failure to timely act to protect Plaintiff and cause an end to ongoing harassment against Plaintiff.

55. Defendants McNamara and Douglas directly participated in, and had personal knowledge of, the deprivation of Plaintiff's constitutional rights (which is described, in part, and in greater detail at paragraphs 21(a-r) and within Attachments "A" and "B" attached hereto).

56. Defendants McNamara and Douglas acted and failed to act with deliberate or reckless disregard of Plaintiff's constitutional rights, and the conduct causing the constitutional deprivations occurred at the direction or with the knowledge and consent of Defendants McNamara and Douglas

57. At all times relevant hereto the Defendants functioned as the final policymaker with respect to the deprivation of Plaintiff's equal protection rights.

58. The Defendants are liable to Plaintiff under 42 U.S.C. Section 1983.

59. Plaintiff exhausted all administrative remedies in this situation, and if there were any further such administrative remedies they would be inadequate and futile.

60. By reason of Defendants' actions against Plaintiff he has suffered a loss of earnings and benefits, in addition to suffering great pain and mental anguish, all to his detriment.

61. Further, said actions on the part of Defendants McNamara and Douglas were done intentionally, willfully, and with malice and reckless disregard and/or deliberate indifference for

Plaintiff's constitutional rights, as secured under 42 U.S.C. Section 1983, giving rise to punitive damages.

## **AS AND FOR A SEVENTH CAUSE OF ACTION**

(Plaintiff v. all Defendants)
(42 U.S.C. § 1983 Violation of First Amendment Rights - Retaliation)

62. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

63. During Plaintiff's employment Plaintiff repeatedly spoke up and complained about health and safety issues concerning the District's trucks (that Plaintiff and other employees were driving on public roads and elsewhere) and the District's buildings.

64. Plaintiff was a union representative and was very outspoken in addressing health and safety issues.

65. The Defendants were aware of, and intentionally retaliated against Plaintiff for, Plaintiff having spoken up and complained (internally and externally) about the aforesaid health and safety issues.

66. The Defendants likewise repeatedly retaliated against at least one other employee who complained about health and safety issues, with such retaliation being due to such health and safety complaints.

67. Defendants' actions reflect a policy, custom, or pattern of official conduct of penalizing individual employees for exercising their right to free speech under the First and Fourteenth Amendments to the United States Constitution.

68. Plaintiff's statements addressed constitutionally protected matters of public concern.

69. The actions (including also deliberate inactions) of the Defendants against Plaintiff violated his rights of free speech under the First Amendment to the United States Constitution as applicable to the states by the Fourteenth Amendment and 42 U.S.C. Section 1983, giving rise to punitive damages .

70. The actions of the Defendants were done intentionally, willfully, and with malice and reckless disregard and/or deliberate indifference, for Plaintiff's constitutional rights, as secured under 42 U.S.C. Section 1983.

71. The actions of the Defendants in intentionally engaging in discrimination, harassment, and retaliation against Plaintiff, have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits (including also lost pension benefits), future pecuniary losses, and other consequential damages.

WHEREFORE, Plaintiff demands that:

a. An Order be entered declaring that the acts and practices of Defendant District as described herein constitute a violation of the ADA and the ADEA;

b. Plaintiff's employment record with Defendant District be purged of any and all adverse documents which were placed in his file due to violations of the ADA and the ADEA;

c. The Defendants be permanently enjoined from interfering with/ retaliating against Plaintiff on any basis forbidden by the ADA and the ADEA;

d. The Defendants be Ordered to compensate, reimburse and make whole the Plaintiff for all the income and benefits Plaintiff would have received had it not been for the Defendants' illegal actions, including, but not limited to backpay and benefits;

e. The Defendants be Ordered to compensate, reimburse and make whole the Plaintiff for Plaintiff's compensatory damages in the sum of Three Hundred Thousand ($300,000.00) Dollars, or in such other maximum amount as is permitted under the law;

    f. Defendants McNamara and Douglas be Ordered to pay Plaintiff punitive damages in the sum of One Million ($1,000,000.00) Dollars, or in such other and higher maximum amount as is permitted under the law, to deter the Defendants from a repetition of such conduct as is permitted under the law;

    g. The Defendants be Ordered to pay the costs and disbursements of this action, including also reasonable attorney fees pursuant to, <u>inter alia</u>, the ADA, the ADEA, and 42 U.S.C. Section 1983;

    h. The Defendants be Ordered to pay Plaintiff prejudgment interest; and

    i. for such other and further relief as may be just and proper.

Plaintiff demands a jury trial on the matters complained of herein.

Dated: December 7, 2018

                                  Respectfully submitted,

                                  By: <u>/s/ David Porter</u>
                                      David Porter

DAVID PORTER, ESQ.
Attorney for Plaintiff
33 N. LaSalle Street
Suite 2000
Chicago, Illinois 60602
(312) 236-1207